**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 06-20100** |
| | ) | **09-2576** |
| **ALEJANDRO ZAMORA-SOLORZANO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Defendant Alejandro Zamora-Solorzano has filed two motions, asking this court to order his prior attorneys, Charles D. Dedmon and Kirk C. Redmond, to return documents and records from his case file (docs. 126 & 127). Mr. Redmond filed a Response (doc. 128), which this court will construe as a response to both motions given that both attorneys represented Mr. Zamora-Solorzano on behalf of the Federal Public Defender's office.

Mr. Zamora-Solorzano requests the following documents:

(A) motions filed with the Court during the criminal proceedings, (B) discovery requests by counsel, (C) results of discovery, (D) rulings on motions by the Court, (E) transcripts of proceedings, (F) briefs filed in the direct review process, (G) orders and opinions filed in the direct review of his case, (H) Mr. Zamora-Solorzano's Presentence Report, and (I) personal documents and copies of personal documents received . . . during criminal proceedings and direct review.

Mr. Redmond asserts that he has provided almost all of the requested documents to Mr.

Zamora-Solorzano, and that he will send additional copies of things in Mr. Zamora-Solorzano's case file, with a few exceptions.

Mr. Redmond maintains that items relating to discovery were shared with him or loaned to him by the Government as part of an express agreement that they would not be disseminated. Acting as Mr. Zamora-Solorzano's agent in negotiations with the Government, Mr. Redmond agreed to those terms, and the court will uphold those agreements. These documents will not be furnished to Mr. Zamora-Solorzano.

Additionally, neither Mr. Redmond nor this court can send Mr. Zamora-Solorzano a copy of his Presentence Report, but Mr. Zamora-Solorzano can contact his case manager to review it. *See Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1267, 1276 (D. Kan. 2007).

Finally, Mr. Zamora-Solorzano requests that all documents be sent to a third party, but Mr. Redmond is directed to send the documents to Mr. Zamora-Solorzano at the address on file.

**IT IS ORDERED BY THE COURT** that Mr. Zamora-Solorzano's motions to order his prior attorneys to return his file and records (docs. 126 & 127) are granted, consistent with the above order and Mr. Redmond's representations. If Mr. Redmond has not yet sent the documents to Mr. Zamora-Solorzano, he is ordered to do so by January 4, 2010.

**IT IS SO ORDERED** this 18th day of December, 2009.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge