**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-20100 09-2576 |
| ALEJANDRO ZAMORA-SOLORZANO, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Defendant Alejandro Zamora-Solorzano pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and using a firearm in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924(c). He received a 210-month prison sentence on the methamphetamine charge and a 60-month sentence on the firearms charge, to run consecutively.

Mr. Zamora-Solorzano filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (doc. 119), along with a memo in support (doc. 120). Four days later, he sought permission to file an Amended Motion; this court granted his request and filed the Amended Motion to Vacate (doc. 124) that he tendered. The Government filed a Response (doc. 140). For the reasons discussed below, Mr. Zamora-Solorzano's § 2255 petition is denied.

**1.      Standard of Review**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.      Ineffective Assistance of Counsel**

Mr. Zamora-Solorzano alleges several grounds of ineffective assistance of counsel. To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*,

2

466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, Mr. Zamora-Solorzano must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because Mr. Zamora-Solorzano "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697;

3

*see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

A.     Ground 1 – Plea Process

Mr. Zamora-Solorzano alleges that his attorney failed to advise him of all law and facts relevant to his decision to plead guilty. His motion offers no particular examples of what his attorney failed to discuss with him, although his earlier-filed memorandum suggests that his attorney failed to discuss "his plea option" and thereby "forced him to waive . . . claims without being reasonably informed of the consequences."

Despite this present assertion, Mr. Zamora-Solorzano previously acknowledged to the court that he had fully discussed his plea of guilty with his attorney, that he was fully satisfied with the counsel, representation, and advice he received from his attorney (doc. 109, pp. 8-9). Moreover, his Petition to Enter Plea of Guilty (doc. 69) includes a representation that "[m]y lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case." Additionally, Mr. Zamora-Solorzano asserted in his plea document that "I believe that my lawyer has done all that anyone could do to counsel and assist me."

These representations to the court are sufficient, absent any specific allegation from Mr. Zamora-Solorzano, to conclude that his attorney was not deficient in advising him prior to his decision to plead guilty. *See, e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a

4

strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

B.   Ground 2 – Pretrial

Mr. Zamora-Solorzano asserts that his attorney was ineffective for failing to file a motion to suppress evidence obtained as a result of a search warrant. He offers no particular reason why he suspects the search warrant to have been invalid. And in fact, the Government submitted an affidavit from Mr. Zamora-Solorzano's attorney, who expressed his opinion that "there was sufficient probable cause to support the search warrant" and that Mr. Zamora-Solorzano lacked standing to challenge the warrant. This affidavit, combined with the presumption that counsel exercised his reasonable professional judgment in making the strategic decision to not challenge the search warrant, *Bullock*, 297 F.3d at 1044, is sufficient to defeat this allegation of ineffective assistance.

C.   Grounds 3 & 4 – Sentencing

Mr. Zamora-Solorzano contends that his attorney failed to investigate or present available evidence and legal authority at sentencing, and failed to object to evidence that was introduced. Mr. Zamora-Solorzano's memorandum identifies several alleged deficiencies in his counsel's performance at sentencing. Specifically, Mr. Zamora-Solorzano asserts that his attorney failed to challenge the § 3B1.1 leader/organizer enhancement (doc. 120, pp. 15-25, 26-27) and failed to adequately

5

cross-examine Special Agent Craig Wurdeman who testified for the Government (doc. 120, pp. 25-26, 27-28). He also maintains that his attorney was ineffective at sentencing for failing to move for a downward departure or variance pursuant to 18 U.S.C. § 3553(a).

Having reviewed the documents submitted prior to sentencing, as well as the sentencing transcript, this court is satisfied that Mr. Zamora-Solorzano's attorney did all of the things Mr. Zamora-Solorzano identified. He challenged the § 3B1.1 enhancement, arguing that it should not apply to Mr. Zamora-Solorzano because of his role in the activities. He vigorously cross-examined Agent Wurdeman by challenging his recollection of the events, by clarify details of the testimony he gave, and by questioning him about the actions of other persons involved in the criminal activity. And he made requests for downward departures and variances, but they were denied.

Thus, Mr. Zamora-Solorzano has failed to identify a deficiency in his counsel's performance, let alone a deficiency so severe that it deprived him of a fair sentencing.

D. Ground 5 – Appeal

Mr. Zamora-Solorzano also argues that his appellate attorney was ineffective.[1] Mr. Zamora-Solorzano maintains that his appellate attorney was ineffective for failing to investigate and present the strongest issues on appeal, including a challenge to Mr.

---

[1] Claims of ineffective assistance of appellate counsel are to be evaluated like other ineffective-assistance claims under the performance and prejudice prongs of *Strickland*. *Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005).

6

Zamora-Solorzano's consecutive sentences, and for failing to preserve issues for collateral review. Specifically, Mr. Zamora-Solorzano suggests that his attorney should have challenged his consecutive sentences under *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008).

The *Whitley* decision had not been issued at the time of Mr. Zamora-Solorzano's sentencing or appeal, and so counsel was not ineffective for failing to preserve an argument based on that decision. *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future."); *see also Bullock*, 297 F.3d at 1052. Morever, the court notes that since the *Whitley* decision was issued, the Tenth Circuit has joined the majority of other circuits and explicitly rejected its holding about consecutive sentences. *United States v. Villa*, 589 F.3d 1334, 1342-43 (10th Cir. 2009).

For these reasons, Mr. Zamora-Solorzano's appellate attorney was not ineffective for failing to raise or preserve an argument about consecutive sentences.

### 3.     **Sixth Amendment Violation**

Ground 6 of Mr. Zamora-Solorzano's § 2255 petition alleges that his attorney had an actual conflict of interest such that his Sixth Amendment right to counsel was violated. Mr. Zamora-Solorzano fails to further explain this allegation, and affidavits from the attorneys who worked with him both deny any knowledge of a conflict of interest. Although this court is required to construe liberally a pro se petitioner's

7

application for relief under § 2255, *Hall v. Scott*, 292 F.2d 1264, 1266 (10th Cir. 2002) (citing *Haines v. Kerner*, 414 U.S. 519, 520-21 (1972)), conclusory allegations without factual basis are insufficient to support claims of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994); *Lasiter*, 89 F.3d 699, 702-03 (10th Cir. 1996) (petitioner must put forth specific factual allegations showing deficient performance and prejudice).

Thus, this allegation of ineffective assistance cannot serve as the basis for relief given its conclusory nature.

**4.    Cumulative Effect**

Ground 7 of Mr. Zamora-Solorzano's § 2255 petition alleges that he was prejudiced by the cumulative effect of his counsel's ineffectiveness. Cumulative-error analysis applies only where the record reveals two or more actual errors, and a petitioner is entitled to relief only if the entire proceeding was so fundamentally unfair as to constitute a violation of his due process rights. *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir. 1997). Mr. Zamora-Solorzano, however, has not shown multiple trial errors or that his conviction and sentence were so fundamentally unfair as to violate due process.

**5.    Other Constitutional Violations**

Finally, Ground 8 of Mr. Zamora-Solorzano's petition alleges violations of the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution. Again, Mr. Zamora-Solorzano fails to offer any explanation about how the proceedings in this

court or on appeal violated these various rights. As such, these allegations are too conclusory to justify any relief. *Hall*, 292 F.3d at 1266.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate (doc. 124) is **denied**.

**IT IS SO ORDERED** this 26th day of February, 2010.

                                         s/ John W. Lungstrum
                                         John W. Lungstrum
                                         United States District Judge