**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-20100 |
| ) | 09-2576 |
| **ALEJANDRO ZAMORA-SOLORZANO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant Alejandro Zamora-Solorzano filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (doc. 119), along with a memo in support (doc. 120). Four days later, he sought permission to file an Amended Motion; this court granted his request and filed the Amended Motion to Vacate (doc. 124) that he tendered. This court denied his § 2255 petition (doc. 146). Mr. Zamora-Solorzano has now filed a motion to vacate the dismissal order (doc. 152). In addition, he has filed a motion seeking reconsideration of this court's earlier denial of his request for discovery (doc. 150).

A motion asking the court to reconsider a previous ruling shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the

controlling law. *Id.* at 1012.

In his motion to vacate the dismissal order, Mr. Zamora-Solorzano recounts his difficulties in finding an attorney to help him with his § 2255 petition and his miscommunication with the fellow inmate who is assisting him. He also references his troubles receiving mail, including from the court.

These are not grounds for the court to vacate its prior dismissal order, however. In a prior order, this Court acknowledged Mr. Zamora-Solorzano's postal troubles, changed his address on file, and sent via certified mail recent filings in his case. The certified mail receipt was returned on March 11, 2010, indicating that Mr. Zamora-Solorzano should now have copies of all recently-filed documents. And regardless of his troubles with legal help, Mr. Zamora-Solorzano has not offered a reason for the court to reconsider its dismissal order.

As to the denial of his discovery request, Mr. Zamora-Solorzano explains in more detail why he would like a copy of the search warrant—he asked his attorney for a copy but never received one, he repeatedly refused to give consent to search the home, he told his attorney that he never "sold anything from the house." He also suggests that the federal officers who obtained the search warrant did so in state court rather than in federal court because they lacked probable cause to support their request.

Even construing these allegations liberally, however, the court is unable to find good cause to support the discovery request. In order to show "good cause" for

discovery in a habeas case, a petitioner must provide the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "Mere speculation" of some exculpatory material is "unlikely to establish good cause for a discovery request on collateral review." *Strickler v. Greene*, 527 U.S. 263, 286 (1999). Again, Mr. Zamora-Solorzano's desire to see the warrant and his blatant speculation that the officers lacked probable cause are insufficient to establish good cause.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motions to reconsider (docs. 150 & 152) are **denied**.

    **IT IS SO ORDERED** this 24th day of March, 2010.

                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge