IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                    Case No. 06-20100-01-JWL

**Alejandro Zamora-Solorzano,**

       **Defendant.**

## MEMORANDUM & ORDER

Defendant Alejandro Zamora-Solorzano pled guilty to conspiracy with intent to distribute methamphetamine and using a firearm in furtherance of a drug trafficking felony. The court sentenced Mr. Zamora-Solorzano to 210 months imprisonment on the methamphetamine charge and 60 months imprisonment on the firearms charge, to run consecutively. The Tenth Circuit affirmed the sentence on direct appeal. *United States v. Zamora-Solorzano*, 528 F.3d 1247 (10th Cir. 2008). In 2010, this court denied Mr. Zamora-Solorzano's amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and his subsequent motion to reconsider the denial of the motion to vacate. Thereafter, the Circuit denied Mr. Zamora-Solorzano's request for a certificate of appealability to challenge this court's denial of his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Zamora-Solorzano*, 387 Fed. Appx. 848 (10th Cir. July 16, 2010).

More than four years later, Mr. Zamora-Solorzano has now filed a Rule 60(b) motion for relief (doc. 166) from the court's order denying his § 2255 petition. According to Mr. Zamora-Solorzano, relief is justified because the court denied the § 2255 petition on the grounds that Mr.

Zamora-Solorzano failed to file a reply to the government's response to the petition when, according to Mr. Zamora-Solorzano, he did not receive a timely copy of the government's response because the government deliberately mailed that response to the incorrect address. The motion is denied. Even assuming the truth of Mr. Zamora-Solorzano's allegations concerning the mailing and receipt of the government's response to his § 2255 petition, he is not entitled to relief from the court's order denying that petition. The court denied Mr. Zamora-Solorzano's § 2255 petition on the merits and Mr. Zamora-Solorzano's failure to file a timely reply brief to the government's response had no bearing whatsoever on the court's denial of the petition. Moreover, Mr. Zamora-Solorzano has not shown or even suggested that the substance of his reply brief would have affected the court's resolution of the § 2255 petition in any respect.

Because Mr. Zamora-Solorzano has not shown that the §2255 proceedings were flawed in any respect, he is not entitled to relief pursuant to Rule 60(b). *See In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) (successful movant in a true Rule 60(b) motion must assert "that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Zamora-Solorzano's motion for relief pursuant to Rule 60(b) (doc. 166) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge