## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                         Case No. 06-20100-01-JWL

Alejandro Zamora-Solorzano,

        Defendant.

### MEMORANDUM & ORDER

Defendant Alejandro Zamora-Solorzano pled guilty to conspiracy with intent to distribute methamphetamine and using a firearm in furtherance of a drug trafficking felony.  The court sentenced Mr. Zamora-Solorzano to 210 months imprisonment on the methamphetamine charge and 60 months imprisonment on the firearms charge, to run consecutively.  The Tenth Circuit affirmed the sentence on direct appeal.  *United States v. Zamora-Solorzano*, 528 F.3d 1247 (10th Cir. 2008).   In 2010, this court denied Mr. Zamora-Solorzano's amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and his subsequent motion to reconsider the denial of the motion to vacate.  Thereafter, the Circuit denied Mr. Zamora-Solorzano's request for a certificate of appealability to challenge this court's denial of his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *United States v. Zamora-Solorzano*, 387 Fed. Appx. 848 (10th Cir. July 16, 2010).[1]

---

[1] Recently, the court reduced Mr. Zamora-Solorzano's sentence to 228 months pursuant to Amendment 782.

Four years later, Mr. Zamora-Solorzano filed a Rule 60(b) motion for relief from the court's order denying his § 2255 petition. Because Mr. Zamora-Solorzano did not show that the §2255 proceedings were flawed in any respect, the court denied the motion. *See In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) (successful movant in a true Rule 60(b) motion must assert "that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings").

Mr. Zamora-Solorzano has now filed another motion to vacate his sentence pursuant to § 2255[2] on the grounds that one of the government's key witnesses at trial, Agent Wurdeman, provided false testimony at Mr. Zamora-Solorzano's sentencing concerning whether the DEA arrested another individual on the same day that Mr. Zamora-Solorzano was arrested. In support of his argument, Mr. Zamora-Solorzano has provided to the court a letter from the records department at the Wyandotte County Sheriff's Office which indicates that the individual was arrested on the same date as Mr. Zamora-Solorzano.[3]

Because Mr. Zamora-Solorzano's motion constitutes a second or successive motion under § 2255, he must obtain authorization from the Tenth Circuit prior to filing it. *See* 28

---

[2] While Mr. Zamora-Solorzano does not style his motion as § 2255 motion, it is properly construed as such. He has labelled his motion as "an independent motion [to] set aside the conviction and sentence pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) because statements on this case made by government are perjured." Moreover, because the motion is a successive motion, the court need not provide prior notice to Mr. Zamora-Solorzano that it intends to construe the motion as a successive petition. *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (rule requiring notice to petitioner before construing motion as § 2255 petition only applies to initial § 2255 petitions and not successive petitions).

[3] Mr. Zamora-Solorzano also asserts in his motion that he "does not agree" with the court's denial of Mr. Zamora-Solorzano's Rule 60(b) motion. To the extent Mr. Zamora-Solorzano seeks in his present motion reconsideration of that order, the motion is denied for the reasons set forth in the initial memorandum and order denying the Rule 60(b) motion.

U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss Mr. Zamora-Solorzano's motion for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer Mr. Zamora-Solorzano's motion to the Circuit as it is not in the interest of justice to do so. It is unlikely that Mr. Zamora-Solorzano's claim has merit which counsels against transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, he has not shown that his claims satisfy the requirements of § 2255(h). He has not directed the court to any newly discovered evidence or a new rule of constitutional law that would bear on his conviction or sentence. The letter from the Wyandotte County Sheriff's Office bears a date of February 24, 2010. The court presumes, then, that Mr. Zamora-Solorzano had this letter in his possession at the time he filed, on March 8, 2010, his motion to reconsider the denial of his initial motion to vacate. Nonetheless, Mr. Zamora-Solorzano has not submitted the letter until now. Moreover, the letter simply does not undermine Mr. Zamora-Solorzano's conviction or sentence in any respect. See 28 U.S.C. 2255(h) ("newly discovered evidence" for purposes of second or successive petition is evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense). At the sentencing hearing, Agent Wurdeman testified that the DEA did not arrest the particular individual on the date in question.

3

The letter submitted by Mr. Zamora-Solorzano does not suggest that the DEA in fact arrested that individual, but only that the individual was arrested on that date. Of course, it is entirely possible that state officials arrested the individual on that date.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Zamora-Solorzano's motion to vacate his sentence (doc. 179) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2015, at Kansas City, Kansas.

                                        s/John W. Lungstrum
                              _____
                              John W. Lungstrum
                              United States District Judge