IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

       Plaintiff,

v.                                                 Case No. 06-20100-01-JWL

Alejandro Zamora-Solorzano,

       Defendant.

## MEMORANDUM & ORDER

Alejandro Zamora-Solorzano pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and using a firearm in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924(c). He was sentenced to 210 months imprisonment on the methamphetamine charge and 60 months imprisonment on the firearms charge, to run consecutively. Defendant is presently incarcerated at Big Spring (Flightline) CI in Big Spring, Texas and his projected release date is September 14, 2022.

In January 2021, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In support of that motion, defendant argued that extraordinary and compelling reasons existed for his immediate release from prison, including the COVID-19 pandemic generally; the financial burden that the pandemic placed on his family; his rehabilitative efforts and good conduct while incarcerated; and the fact that he had completed roughly 80 percent of his sentence. Defendant further asserted a strong desire to spend time with his two sons. In March 2021, the court denied defendant's motion on the grounds that the circumstances described by

defendant did not constitute extraordinary and compelling reasons as required by § 3582. The court, then, did not consider the factors set forth in § 3553(a).[1]

Defendant now moves for reconsideration (doc. 197) of the court's March 2021 memorandum and order denying defendant's motion for compassionate release. "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (quoting *Servants of Paraclete*, 204 F.3d at 1012). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*. (quoting *Servants of Paraclete*, 204 F.3d at 1012).

Before turning to the merits of defendant's motion, the court addresses one procedural issue. After receiving defendant's motion for reconsideration, the court issued an order directing the government to file a response to the motion on or before May 3, 2021. That deadline passed

---

[1] The court's memorandum and order denying defendant's motion for compassionate release was issued the same day that the Circuit's opinion in *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), was released. While the court did not have the benefit of *McGee* at the time it wrote its memorandum and order, it nonetheless analyzed defendant's motion consistent with the Circuit's approach in *McGee*. Specifically, the court determined that it was not constrained by the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 in determining what circumstances constituted "extraordinary and compelling reasons" warranting compassionate release.

2

and the government did not file a response to the motion or otherwise contact the court about the motion. The court then issued a show cause order requiring the government to show good cause why it had not responded to defendant's motion as ordered by the court. The government filed a timely response to the court's order in which it asserts that counsel missed the deadline due to oversight and an excessive workload. The government's response does not establish good cause and the court will consider the merits of defendant's motion without reference to the government's response. *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (simple inadvertence or mistake of counsel usually does not suffice to establish good cause).

In his motion for reconsideration, defendant reasserts several of the same arguments that he made in his initial motion, highlighting his rehabilitative efforts while incarcerated; that he has completed approximately 80 percent of his sentence; and that he has maintained a clean disciplinary record while in BOP custody. The court addressed and rejected these arguments in its March 2021 memorandum and order. Specifically, the court explained that while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation and good conduct during that time, those courts also found a specific defect or inequity in the defendant's sentence such as Congress's decision to eliminate stacked sentencing under § 924(c), a critical factor that is absent from the record here. While defendant obviously disagrees with the court's assessment of the record, he has not shown that the court's conclusion was erroneous and the court will not revisit this issue again. *See Servants of Paraclete*, 204 F.3d at 1012 (motion for reconsideration not appropriate for revisiting issues already addressed).

Defendant also raises a new argument in his motion for reconsideration which, of course, is a not a proper basis for reconsideration. *See id*. (motions to reconsider are generally an inappropriate vehicle to advance new arguments or supporting facts which were available at the time of the original motion). He asserts that if he was charged today, he would "not have a § 924(c) charge" and would be entitled to "immediate release under the *Johnson* case law." *Johnson*'s holding appears to have no bearing on this case, where the predicate crime for defendant's § 924(c) charge was a drug trafficking offense rather than a crime of violence. Nonetheless, to the extent defendant contends that case law developed subsequent to his sentence provides a retroactive basis for him to challenge his § 924(c) conviction, defendant's remedy is to seek permission from the Tenth Circuit to file a successive 28 U.S.C. § 2255 motion rather than pursue compassionate release under § 3582(c)(1)(A). *See United States v. Sears*, 2020 WL 3288083 at *1 (D. Kan. June 18, 2020) (construing a similar motion for compassionate release as an attempt to evade the requirements of 28 U.S.C. § 2255(h) and 2244(b)(3)(A) and collecting cases upholding dismissal of section 3582(c)(1)(A) motions which were properly construed as unauthorized successive 28 U.S.C. § 2255 motions).

The court turns, then, to defendant's motion to appoint counsel, which he filed in response to the government's response to the court's show cause order. According to defendant, he needs counsel to assist him in presenting his arguments for compassionate release. The court denies his request. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. As described above, the substantive merits of defendant's motion for compassionate release and his motion for reconsideration do not warrant appointing counsel at this time. Moreover, defendant's pro se motion for compassionate relief reflects that he is able to articulate his arguments clearly and coherently and that the factual and legal issues implicated by the motions are straightforward. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On February 2, 2021, the Federal Public Defender notified the court that it had reviewed defendant's pro se motion for compassionate release and that it did not intend to enter an appearance on his behalf.

For the foregoing reasons, the court denies defendant's motion for reconsideration and denies defendant's motion to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 197) is **denied** and his motion for the appointment of counsel (doc. 202) is **denied**.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2021, at Kansas City, Kansas.

                                              *s/ John W. Lungstrum*
                                              John W. Lungstrum
                                              United States District Judge